## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| Eric King, | Civil Action No. 4:14-cv-00707 |
| Plaintiff, | |
| V. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| NCO Financial Systems, Inc., and | |
| Anh H. Regent d/b/a Regent & Associates, | |
| Defendants. | |
| | (Unlawful Debt Collection Practices) |

## COMPLAINT

1.     This is an action for actual and statutory damages and for declaratory relief brought by Eric King against NCO Financial Systems, Inc., and Anh H. Regent d/b/a Regent & Associates, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), the Texas Debt Collection Act, Tex. Fin. Code § 392.001 *et seq*. ("TDCA"), and the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code, Chapter 17, Subchapter E ("TDTPA").

## JURISDICTION

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue in this District is proper in that Defendants transact business here and the conduct complained of occurred here.

## PARTIES

3.     Plaintiff Eric King ("King") is a natural person residing in Collin County, Texas, who allegedly owed unpaid balances on student loan debts obtained for personal use.  King is a "consumer" as defined by the FDCPA at 15 U.S.C. § 1692a(3) and by the TDCA at Tex. Fin. Code § 392.001(1).

4.     Defendant NCO Financial Systems, Inc. ("NCO") is a Pennsylvania corporation engaged in the business of collecting consumer debts in this State.  Using instrumentalities of interstate commerce, NCO sought to collect from King the unpaid balances allegedly due on various student loan debts.  NCO has filed with the Texas Secretary of State a surety bond to engage in debt collection activities in Texas (File No. 20030195).  NCO is a "debt collector" as defined by the FDCPA at 15 U.S.C. § 1692a(6) and by the TDCA at Tex. Fin. Code § 392.001(6), and NCO is a "third-party debt collector" as defined by the TDCA at Tex. Fin. Code § 392.001(7).

5.     Defendant Anh H. Regent d/b/a Regent & Associates ("Regent") is a Texas attorney who was retained by NCO and who is engaged in the business of collecting consumer debts in this State.  Using instrumentalities of interstate commerce, Regent sought to collect from King the unpaid balances allegedly due on various student loan debts.  Regent has filed with the Texas Secretary of State a surety bond to engage in debt collection activities in Texas (File No. 20020226).  Regent is a "debt collector" as defined by the FDCPA at 15 U.S.C. § 1692a(6) and by the TDCA at Tex. Fin. Code § 392.001(6), and Regent is a "third-party debt collector" as defined by the TDCA at Tex. Fin. Code § 392.001(7).

## FACTUAL ALLEGATIONS

### State Court Action #1 – the NCSLT 2006-1 Suit

6.      Acting on behalf of NCO, Regent filed suit against King on November 8, 2013, in the County Court at Law No. 2 of Dallas County, Texas, in Cause No. CC-13-06355-B, styled *National Collegiate Student Loan Trust 2006-1 v. Eric King* ("State Court Action #1"), seeking recovery of an unpaid balance of $10,141.08 that was allegedly owed under a student loan agreement between King and an undisclosed original creditor that was not named in the Original Petition in State Court Action #1.

7.      State Court Action #1 was commenced in the name of "National Collegiate Student Loan Trust 2006-1" ("NCSLT 2006-1").

8.      NCSLT 2006-1 is a Delaware statutory trust.

9.      NCSLT 2006-1 is not registered as a foreign business entity with the Secretary of State of the State of Texas.

10.     NCSLT 2006-1 does not have the legal capacity to sue or be sued in Texas.

11.     NCSLT 2006-1 was expressly created by a Trust Agreement that imposed upon its trustee the equitable duty to manage the trust property for the benefit of others.

12.     NCSLT 2006-1 is an "express trust," as defined by § 111.004(a) of the Texas Property Code and, therefore, NCSLT 2006-1 is subject to the requirements of the Texas Trust Code (Tex. Prop. Code, Title 9, Subtitle B).

13.     Under the Texas Trust Code, it is the power and duty of the ***trustee***, not a third-party debt collector, to "compromise, contest, arbitrate, or settle claims of or against the trust estate" (Tex. Prop Code § 113.019) and to "employ attorneys . . . reasonably necessary in the administration of the trust estate" (Tex. Prop Code § 113.018).

14.   The Wilmington Trust Company is the trustee of NCSLT 2006-1.

15.   The Wilmington Trust Company did not authorize State Court Action #1.

16.   The Wilmington Trust Company did not retain Regent to represent NCSLT 2006-1 in State Court Action #1.

17.   State Court Action #1 was instigated by NCO, a third-party debt collector that was not identified in the Original Petition in State Court Action #1.

18.   By filing the Original Petition in State Court Action #1 in the name of "National Collegiate Student Loan Trust 2006-1," NCO and Regent intentionally created the false impression that NCSLT 2006-1 had the legal capacity to sue in Texas, that the Wilmington Trust Company had authorized State Court Action #1 and had retained Regent to represent NCSLT 2006-1, and that NCSLT 2006-1 was duly registered as a foreign business entity with the Secretary of State of the State of Texas.

19.   In Paragraph 2 of the Original Petition in State Court Action #1, NCO and Regent alleged that "Plaintiff is National Collegiate Student Loan Trust 2006-1."

20.   In Paragraph 5 of the Original Petition in State Court Action #1, NCO and Regent falsely represented that "Defendant(s) defaulted in making the payments on the Account(s) as required by the terms of the agreement *with Plaintiff*."  (Emphasis added.)

21.   In Paragraph 5 of the Original Petition in State Court Action #1, NCO and Regent falsely represented that "Defendant(s) have breached the contract *with Plaintiff*."  (Emphasis added.)

22.   In Paragraph 7 of the Original Petition in State Court Action #1, NCO and Regent falsely represented that King's default of his purported agreement with NCSLT 2006-1 "made it necessary *for Plaintiff* to employ the undersigned attorney to file suit."  (Emphasis added.)

23.     King has never entered into or breached an agreement with NCSLT 2006-1.

24.     King has never received money or an extension of credit from NCSLT 2006-1.

25.     King has never had any dealings NCSLT 2006-1.

26.     Regent was retained by NCO to prosecute State Court Action #1.

27.     NCO and Regent did not disclose the identity of the original creditor in the Original Petition in State Court Action #1.

28.     By falsely representing that King entered into an agreement with NCSLT 2006-1, that King breached his purported agreement with NCSLT 2006-1, and that King's breach of his purported agreement with NCSLT 2006-1 made it necessary for NCSLT 2006-1 to retain Regent, NCO and Regent intentionally deceived the state court and King by presenting their claims as an action by an original creditor when, in fact, State Court Action #1 was instigated by an undisclosed third-party debt collector on a debt previously owed, if at all, to an undisclosed original creditor.

29.     NCO and Regent improperly embedded fifteen Requests for Admissions within the Original Petition in State Court Action #1.[1]

30.     In Request for Admission No. 1, NCO and Regent asked King to falsely admit that "Defendant entered into a contract **with Plaintiff**."  (Emphasis added.)

31.     In Request for Admission No. 9, NCO and Regent asked King to falsely admit that "Defendant made payments on the Account."

32.     In Request for Admission No. 12, NCO and Regent asked King to falsely admit that "Defendant has broken the contract **with Plaintiff**."  (Emphasis added.)

---

[1]      "[T]he Rules of Civil Procedure do not authorize the inclusion of a discovery request in a petition or as an exhibit to the petition."  *Hankston v. Equable Ascent Financial*, 382 S.W.3d 631, 635 (Tex. App. – Beaumont 2012, no pet.) (a case in which NCO represented the debt collector both at trial and on appeal).

33.    In Request for Admission No. 14, NCO and Regent asked King to falsely admit that "Defendant has no defense to this suit, and judgment should be granted, as prayed for."

34.    Contrary to the false admissions sought by NCO and Regent in State Court Action #1, King has never had a contract with NCSLT 2006-1, has never made payments on the purported debt, has never breached a contract with NCSLT 2006-1, and has several viable defenses to the claims asserted in State Court Action #1.

35.    NCO and Regent did not notify King that the Requests for Admissions embedded within the Original Petition would be deemed admitted if not timely denied.

36.    At the time that these false Requests for Admissions were served upon him, King had not yet retained legal counsel in State Court Action #1.[2]

37.    King later incurred attorney's fees in defending against State Court Action #1 and suffered other compensable damages as a result of the unlawful acts and omissions of NCO and Regent.

38.    The foregoing acts and omissions were undertaken by NCO and Regent willfully, intentionally, knowingly, and/or in gross disregard of the rights of King, as part of the regular and routine collection efforts of NCO and Regent.

### State Court Action #2 – the NCSLT 2007-2 Suit

39.    Acting on behalf of NCO, Regent filed suit against King on November 8, 2013, in the County Court at Law No. 3 of Dallas County, Texas, in Cause No. CC-13-06358-C, styled

---

[2]        "[T]he service of requests for admission containing false information upon a pro se defendant without an explanation that the requests would be deemed admitted after thirty days constitutes 'unfair or unconscionable' or 'false, deceptive, or misleading' means to collect a debt."   *McCollough v. Johnson, Rodenburg & Lauinger, LLC,* 637 F.3d 939, 952 (9th Cir. 2011).

*National Collegiate Student Loan Trust 2007-2 v. Eric King* ("State Court Action #2"), seeking recovery of an unpaid balance of $9,265.73 that was allegedly owed under a student loan agreement between King and an undisclosed original creditor that was not named in the Original Petition in State Court Action #2.

40.    State Court Action #2 was commenced in the name of "National Collegiate Student Loan Trust 2007-2" ("NCSLT 2007-2").

41.    NCSLT 2007-2 is a Delaware statutory trust.

42.    NCSLT 2007-2 is not registered as a foreign business entity with the Secretary of State of the State of Texas.

43.    NCSLT 2007-2 does not have the legal capacity to sue or be sued in Texas.

44.    NCSLT 2007-2 was expressly created by a Trust Agreement that imposed upon its trustee the equitable duty to manage the trust property for the benefit of others.

45.    NCSLT 2007-2 is an "express trust," as defined by § 111.004(a) of the Texas Property Code and, therefore, NCSLT 2007-2 is subject to the requirements of the Texas Trust Code (Tex. Prop. Code, Title 9, Subtitle B).

46.    Under the Texas Trust Code, it is the power and duty of the ***trustee***, not a third-party debt collector, to "compromise, contest, arbitrate, or settle claims of or against the trust estate" (Tex. Prop Code § 113.019) and to "employ attorneys . . . reasonably necessary in the administration of the trust estate" (Tex. Prop Code § 113.018).

47.    The Wilmington Trust Company is the trustee of NCSLT 2007-2.

48.    The Wilmington Trust Company did not authorize State Court Action #2.

49.    The Wilmington Trust Company did not retain Regent to represent NCSLT 2007-2 in State Court Action #2.

50.   State Court Action #2 was instigated by NCO, a third-party debt collector that was not identified in the Original Petition in State Court Action #2.

51.   By filing the Original Petition in State Court Action #2 in the name of "National Collegiate Student Loan Trust 2007-2," NCO and Regent intentionally created the false impression that NCSLT 2007-2 had the legal capacity to sue in Texas, that the Wilmington Trust Company had authorized State Court Action #2 and had retained Regent to represent NCSLT 2007-2, and that NCSLT 2007-2 was duly registered as a foreign business entity with the Secretary of State of the State of Texas.

52.   In Paragraph 2 of the Original Petition in State Court Action #2, NCO and Regent alleged that "Plaintiff is National Collegiate Student Loan Trust 2007-2."

53.   In Paragraph 5 of the Original Petition in State Court Action #2, NCO and Regent falsely represented that "Defendant(s) defaulted in making the payments on the Account(s) as required by the terms of the agreement *with Plaintiff*."  (Emphasis added.)

54.   In Paragraph 5 of the Original Petition in State Court Action #2, NCO and Regent falsely represented that "Defendant(s) have breached the contract *with Plaintiff*."  (Emphasis added.)

55.   In Paragraph 7 of the Original Petition in State Court Action #2, NCO and Regent falsely represented that King's default of his purported agreement with NCSLT 2007-2 "made it necessary *for Plaintiff* to employ the undersigned attorney to file suit."  (Emphasis added.)

56.   King has never entered into or breached an agreement with NCSLT 2007-2.

57.   King has never received money or an extension of credit from NCSLT 2007-2.

58.   King has never had any dealings NCSLT 2007-2.

59.   Regent was retained by NCO to prosecute State Court Action #2.

60.    NCO and Regent did not disclose the identity of the original creditor in the Original Petition in State Court Action #2.

61.    By falsely representing that King entered into an agreement with NCSLT 2007-2, that King breached his purported agreement with NCSLT 2007-2, and that King's breach of his purported agreement with NCSLT 2007-2 made it necessary for NCSLT 2007-2 to retain Regent, NCO and Regent intentionally deceived the state court and King by presenting their claims as an action by an original creditor when, in fact, State Court Action #2 was instigated by an undisclosed third-party debt collector on a debt previously owed, if at all, to an undisclosed original creditor.

62.    NCO and Regent improperly embedded fifteen Requests for Admissions within the Original Petition in State Court Action #2.

63.    In Request for Admission No. 1, NCO and Regent asked King to falsely admit that "Defendant entered into a contract *with Plaintiff*."  (Emphasis added.)

64.    In Request for Admission No. 9, NCO and Regent asked King to falsely admit that "Defendant made payments on the Account."

65.    In Request for Admission No. 12, NCO and Regent asked King to falsely admit that "Defendant has broken the contract *with Plaintiff*."  (Emphasis added.)

66.    In Request for Admission No. 14, NCO and Regent asked King to falsely admit that "Defendant has no defense to this suit, and judgment should be granted, as prayed for."

67.    Contrary to the false admissions sought by NCO and Regent in State Court Action #2, King has never had a contract with NCSLT 2007-2, has never made payments on the purported debt, has never breached a contract with NCSLT 2007-2, and has several viable defenses to the claims asserted in State Court Action #2.

68.    NCO and Regent did not notify King that the Requests for Admissions embedded within the Original Petition would be deemed admitted if not timely denied.

69.    At the time that these false Requests for Admissions were served upon him, King had not yet retained legal counsel in State Court Action #2.

70.    King later incurred attorney's fees in defending against State Court Action #2 and suffered other compensable damages as a result of the unlawful acts and omissions of NCO and Regent.

71.    The foregoing acts and omissions were undertaken by NCO and Regent willfully, intentionally, knowingly, and/or in gross disregard of the rights of King, as part of the regular and routine collection efforts of NCO and Regent.

## State Court Action #3 – the NCSLT 2007-3 Suit

72.    Acting on behalf of NCO, Regent filed suit against King on November 8, 2013, in the County Court at Law No. 3 of Dallas County, Texas, in Cause No. CC-13-06351-C, styled *National Collegiate Student Loan Trust 2007-3 v. Eric King* ("State Court Action #3"), seeking recovery of an unpaid balance of $7,387.22 that was allegedly owed under a student loan agreement between King and an undisclosed original creditor that was not named in the Original Petition in State Court Action #3.

73.    State Court Action #3 was commenced in the name of "National Collegiate Student Loan Trust 2007-3" ("NCSLT 2007-3").

74.    NCSLT 2007-3 is a Delaware statutory trust.

75.    NCSLT 2007-3 is not registered as a foreign business entity with the Secretary of State of the State of Texas.

76.     NCSLT 2007-3 does not have the legal capacity to sue or be sued in Texas.

77.     NCSLT 2007-3 was expressly created by a Trust Agreement that imposed upon its trustee the equitable duty to manage the trust property for the benefit of others.

78.     NCSLT 2007-3 is an "express trust," as defined by § 111.004(a) of the Texas Property Code and, therefore, NCSLT 2007-3 is subject to the requirements of the Texas Trust Code (Tex. Prop. Code, Title 9, Subtitle B).

79.     Under the Texas Trust Code, it is the power and duty of the *trustee*, not a third-party debt collector, to "compromise, contest, arbitrate, or settle claims of or against the trust estate" (Tex. Prop Code § 113.019) and to "employ attorneys . . . reasonably necessary in the administration of the trust estate" (Tex. Prop Code § 113.018).

80.     The Wilmington Trust Company is the trustee of NCSLT 2007-3.

81.     The Wilmington Trust Company did not authorize State Court Action #3.

82.     The Wilmington Trust Company did not retain Regent to represent NCSLT 2007-3 in State Court Action #3.

83.     State Court Action #3 was instigated by NCO, a third-party debt collector that was not identified in the Original Petition in State Court Action #3.

84.     By filing the Original Petition in State Court Action #3 in the name of "National Collegiate Student Loan Trust 2007-3," NCO and Regent intentionally created the false impression that NCSLT 2007-3 had the legal capacity to sue in Texas, that the Wilmington Trust Company had authorized State Court Action #3 and had retained Regent to represent NCSLT 2007-3, and that NCSLT 2007-3 was duly registered as a foreign business entity with the Secretary of State of the State of Texas.

85.     In Paragraph 2 of the Original Petition in State Court Action #3, NCO and Regent alleged that "Plaintiff is National Collegiate Student Loan Trust 2007-3."

86.     In Paragraph 5 of the Original Petition in State Court Action #3, NCO and Regent falsely represented that "Defendant(s) defaulted in making the payments on the Account(s) as required by the terms of the agreement *with Plaintiff*."  (Emphasis added.)

87.     In Paragraph 5 of the Original Petition in State Court Action #3, NCO and Regent falsely represented that "Defendant(s) have breached the contract *with Plaintiff*."  (Emphasis added.)

88.     In Paragraph 7 of the Original Petition in State Court Action #3, NCO and Regent falsely represented that King's default of his purported agreement with NCSLT 2007-3 "made it necessary *for Plaintiff* to employ the undersigned attorney to file suit."  (Emphasis added.)

89.     King has never entered into or breached an agreement with NCSLT 2007-3.

90.     King has never received money or an extension of credit from NCSLT 2007-3.

91.     King has never had any dealings NCSLT 2007-3.

92.     Regent was retained by NCO to prosecute State Court Action #3.

93.     NCO and Regent did not disclose the identity of the original creditor in the Original Petition in State Court Action #3.

94.     By falsely representing that King entered into an agreement with NCSLT 2007-3, that King breached his purported agreement with NCSLT 2007-3, and that King's breach of his purported agreement with NCSLT 2007-3 made it necessary for NCSLT 2007-3 to retain Regent, NCO and Regent intentionally deceived the state court and King by presenting their claims as an action by an original creditor when, in fact, State Court Action #3 was instigated by an

undisclosed third-party debt collector on a debt previously owed, if at all, to an undisclosed original creditor.

95.    NCO and Regent improperly embedded fifteen Requests for Admissions within the Original Petition in State Court Action #3.

96.    In Request for Admission No. 1, NCO and Regent asked King to falsely admit that "Defendant entered into a contract **with Plaintiff**."  (Emphasis added.)

97.    In Request for Admission No. 9, NCO and Regent asked King to falsely admit that "Defendant made payments on the Account."

98.    In Request for Admission No. 12, NCO and Regent asked King to falsely admit that "Defendant has broken the contract **with Plaintiff**."  (Emphasis added.)

99.    In Request for Admission No. 14, NCO and Regent asked King to falsely admit that "Defendant has no defense to this suit, and judgment should be granted, as prayed for."

100.    Contrary to the false admissions sought by NCO and Regent in State Court Action #2, King has never had a contract with NCSLT 2007-3, has never made payments on the purported debt, has never breached a contract with NCSLT 2007-3, and has several viable defenses to the claims asserted in State Court Action #3.

101.    NCO and Regent did not notify King that the Requests for Admissions embedded within the Original Petition would be deemed admitted if not timely denied.

102.    At the time that these false Requests for Admissions were served upon him, King had not yet retained legal counsel in State Court Action #3.

103.    King later incurred attorney's fees in defending against State Court Action #3 and suffered other compensable damages as a result of the unlawful acts and omissions of NCO and Regent.

104.   The foregoing acts and omissions were undertaken by NCO and Regent willfully, intentionally, knowingly, and/or in gross disregard of the rights of King, as part of the regular and routine collection efforts of NCO and Regent.

<b><u>COUNT I</u></b>

<b><u>NCO'S VIOLATIONS OF THE FDCPA</u></b>

105.   Plaintiff repeats and incorporates by reference the preceding paragraphs.

106.   NCO violated 15 U.S.C. § 1692e(14) by filing State Court Action #1 in the name of "National Collegiate Student Loan Trust 2006-1" rather than in NCO's true name.

107.   NCO further violated 15 U.S.C. § 1692e(14) by filing State Court Action #2 in the name of "National Collegiate Student Loan Trust 2007-2" rather than in NCO's true name.

108.   NCO further violated 15 U.S.C. § 1692e(14) by filing State Court Action #3 in the name of "National Collegiate Student Loan Trust 2007-3" rather than in NCO's true name.

109.   NCO violated 15 U.S.C. § 1692e(5) by threatening to take and actually taking action that could not legally be taken in the name of "National Collegiate Student Loan Trust 2006-1" because: (a) NCSLT 2006-1 does not have the legal capacity to sue in Texas; (b) the Wilmington Trust Company did not authorize State Court Action #1 and did not retain Regent to represent NCSLT 2006-1; and (c) NCSLT 2006-1 is not registered as a foreign business entity with the Secretary of State of the State of Texas.

110.   NCO further violated 15 U.S.C. § 1692e(5) by threatening to take and actually taking action that could not legally be taken in the name of "National Collegiate Student Loan Trust 2007-2" because: (a) NCSLT 2007-2 does not have the legal capacity to sue in Texas; (b) the Wilmington Trust Company did not authorize State Court Action #2 and did not retain Regent to

represent NCSLT 2007-2; and (c) NCSLT 2007-2 is not registered as a foreign business entity with the Secretary of State of the State of Texas.

111.   NCO further violated 15 U.S.C. § 1692e(5) by threatening to take and actually taking action that could not legally be taken in the name of "National Collegiate Student Loan Trust 2007-3" because: (a) NCSLT 2007-3 does not have the legal capacity to sue in Texas; (b) the Wilmington Trust Company did not authorize State Court Action #3 and did not retain Regent to represent NCSLT 2007-3; and (c) NCSLT 2007-3 is not registered as a foreign business entity with the Secretary of State of the State of Texas.

112.   NCO violated 15 U.S.C. § 1692e(10) by falsely representing in the Original Petition in State Court Action #1 that King entered into an agreement with NCSLT 2006-1, that King breached his purported agreement with NCSLT 2006-1, and that King's breach of his purported agreement with NCSLT 2006-1 made it necessary for NCSLT 2006-1 to retain Regent.

113.   NCO further violated 15 U.S.C. § 1692e(10) by falsely representing in the Original Petition in State Court Action #2 that King entered into an agreement with NCSLT 2007-2, that King breached his purported agreement with NCSLT 2007-2, and that King's breach of his purported agreement with NCSLT 2007-2 made it necessary 2007-2 to retain Regent.

114.   NCO further violated 15 U.S.C. § 1692e(10) by falsely representing in the Original Petition in State Court Action #3 that King entered into an agreement with NCSLT 2007-3, that King breached his purported agreement with NCSLT 2007-3, and that King's breach of his purported agreement with NCSLT 2007-3 made it necessary for NCSLT 2007-3 to retain Regent.

115.   NCO further violated 15 U.S.C. § 1692e(10) by serving discovery requests within each of the Original Petitions in the State Court Actions[3] that asked King to falsely admit: (a) that "Defendant entered into a contract with Plaintiff;" (b) that "Defendant made payments on the Account;" (c) that "Defendant has broken the contract with Plaintiff;" and (d) "Defendant has no defense to this suit, and judgment should be granted, as prayed for."

116.   NCO further violated 15 U.S.C. § 1692e(10) in each of the State Court Actions by serving false, embedded discovery requests upon a *pro se* defendant with no warning as to their legal impact.

117.   NCO violated 15 U.S.C. §§ 1692(e) and 1692(f) by conspiring with Regent to file fictitious suits against King in each of the State Court Actions and, in so doing, by repeatedly attempting to coerce payment from King by unlawful means.

118.   NCO violated 15 U.S.C. § 1692(e), in general, by using false, deceptive, and misleading representations and means to collect the purported debts and by deceptively portraying each of the State Court Actions as a suit by an original creditor rather than a third-party debt collector.

119.   NCO 15 U.S.C. § 1692(f), in general, by using unfair and unconscionable means to collect the purported debts in each of the State Court Actions.

## COUNT II

## NCO'S VIOLATIONS OF THE TDCA

120.   Plaintiff repeats and incorporates by reference the preceding paragraphs.

---

[3]     State Court Action #1, State Court Action #2, and State Court Action #3 are collectively referred to herein as the "State Court Actions."

121. NCO violated Tex. Fin. Code § 392.304(a)(1) by filing State Court Action #1 in the name of "National Collegiate Student Loan Trust 2006-1" rather than in NCO's true name.

122. NCO further violated Tex. Fin. Code § 392.304(a)(1) by filing State Court Action #2 in the name of "National Collegiate Student Loan Trust 2007-2" rather than in NCO's true name.

123. NCO further violated Tex. Fin. Code § 392.304(a)(1) by filing State Court Action #3 in the name of "National Collegiate Student Loan Trust 2007-3" rather than in NCO's true name.

124. NCO violated Tex. Fin. Code § 392.304(a)(8) by misrepresenting in a judicial proceeding that the identity of the plaintiff in State Court Action #1 was "National Collegiate Student Loan Trust 2006-1."

125. NCO further violated Tex. Fin. Code § 392.304(a)(8) by misrepresenting in a judicial proceeding that the identity of the plaintiff in State Court Action #2 was "National Collegiate Student Loan Trust 2007-2."

126. NCO further violated Tex. Fin. Code § 392.304(a)(8) by misrepresenting in a judicial proceeding that the identity of the plaintiff in State Court Action #3 was "National Collegiate Student Loan Trust 2007-3."

127. NCO further violated Tex. Fin. Code § 392.304(a)(8) by falsely representing in the Original Petition in State Court Action #1 that King entered into an agreement with NCSLT 2006-1, that King breached his purported agreement with NCSLT 2006-1, and that King's breach of his purported agreement with NCSLT 2006-1 made it necessary for NCSLT 2007-3 to retain Regent.

128. NCO further violated Tex. Fin. Code § 392.304(a)(8) by falsely representing in the Original Petition in State Court Action #2 that King entered into an agreement with NCSLT 2007-2, that King breached his purported agreement with NCSLT 2007-2, and that King's

breach of his purported agreement with NCSLT 2007-2 made it necessary for NCSLT 2007-2 to retain Regent.

129.   NCO further violated Tex. Fin. Code § 392.304(a)(8) by falsely representing in the Original Petition in State Court Action #3 that King entered into an agreement with NCSLT 2007-3, that King breached his purported agreement with NCSLT 2007-3, and that King's breach of his purported agreement with NCSLT 2007-3 made it necessary for NCSLT 2007-3 to retain Regent.

130.   NCO violated Tex. Fin. Code § 392.304(19) by using other false representations and deceptive means to collect the purported debts by: (a) concealing the identity of the original creditor; (b) serving false, embedded discovery requests upon a *pro se* defendant with no warning as to their legal impact; and (c) and by deceptively portraying each of the State Court Actions as a suit by an original creditor rather than a third-party debt collector.

### COUNT III

### NCO'S VIOLATIONS OF THE TDTPA

131.   Plaintiff repeats and incorporates by reference the preceding paragraphs.

132.   NCO violated the TDTPA.  Tex. Fin. Code § 392.404(a) provides that a violation of the TDCA is a violation of the TDTPA.

### COUNT IV

### REGENT'S VIOLATIONS OF THE FDCPA

133.   Plaintiff repeats and incorporates by reference the preceding paragraphs.

134.   Regent violated 15 U.S.C. § 1692e(5) by threatening to take and actually taking action that could not legally be taken in the name of "National Collegiate Student Loan Trust

2006-1" because: (a) NCSLT 2006-1 does not have the legal capacity to sue in Texas; (b) the Wilmington Trust Company did not authorize State Court Action #1 and did not retain Regent to represent NCSLT 2006-1; and (c) NCSLT 2006-1 is not registered as a foreign business entity with the Secretary of State of the State of Texas.

135.   Regent further violated 15 U.S.C. § 1692e(5) by threatening to take and actually taking action that could not legally be taken in the name of "National Collegiate Student Loan Trust 2007-2" because: (a) NCSLT 2007-2 does not have the legal capacity to sue in Texas; (b) the Wilmington Trust Company did not authorize State Court Action #2 and did not retain Regent to represent NCSLT 2007-2; and (c) NCSLT 2007-2 is not registered as a foreign business entity with the Secretary of State of the State of Texas.

136.   Regent further violated 15 U.S.C. § 1692e(5) by threatening to take and actually taking action that could not legally be taken in the name of "National Collegiate Student Loan Trust 2007-3" because: (a) NCSLT 2007-3 does not have the legal capacity to sue in Texas; (b) the Wilmington Trust Company did not authorize State Court Action #3 and did not retain Regent to represent NCSLT 2007-3; and (c) NCSLT 2007-3 is not registered as a foreign business entity with the Secretary of State of the State of Texas.

137.   Regent violated 15 U.S.C. § 1692e(10) by falsely representing in the Original Petition in State Court Action #1 that King entered into an agreement with NCSLT 2006-1, that King breached his purported agreement with NCSLT 2006-1, and that King's breach of his purported agreement with NCSLT 2006-1 made it necessary for NCSLT 2006-1 to retain Regent.

138.   Regent further violated 15 U.S.C. § 1692e(10) by falsely representing in the Original Petition in State Court Action #2 that King entered into an agreement with NCSLT 2007-2, that

King breached his purported agreement with NCSLT 2007-2, and that King's breach of his purported agreement with NCSLT 2007-2 made it necessary for NCSLT 2007-2 to retain Regent.

139.   Regent further violated 15 U.S.C. § 1692e(10) by falsely representing in the Original Petition in State Court Action #3 that King entered into an agreement with NCSLT 2007-3, that King breached his purported agreement with NCSLT 2007-3, and that King's breach of his purported agreement with NCSLT 2007-3 made it necessary for NCSLT 2007-3 to retain Regent.

140.   Regent further violated 15 U.S.C. § 1692e(10) by serving discovery requests within each of the Original Petitions in the State Court Actions that asked King to falsely admit: (a) that "Defendant entered into a contract with Plaintiff;" (b) that "Defendant made payments on the Account;" (c) that "Defendant has broken the contract with Plaintiff;" and (d) "Defendant has no defense to this suit, and judgment should be granted, as prayed for."

141.   Regent further violated 15 U.S.C. § 1692e(10) in each of the State Court Actions by serving false, embedded discovery requests upon a *pro se* defendant with no warning as to their legal impact.

142.   Regent violated 15 U.S.C. §§ 1692(e) and 1692(f) by conspiring with NCO to file fictitious suits against King in each of the State Court Actions and, in so doing, by repeatedly attempting to coerce payment from King by unlawful means

143.   Regent violated 15 U.S.C. § 1692(e), in general, by using false, deceptive, and misleading representations and means to collect the purported debts and by deceptively portraying each of the State Court Actions as a suit by an original creditor rather than a third-party debt collector.

144.   Regent 15 U.S.C. § 1692(f), in general, by using unfair and unconscionable means to collect the purported debts in each of the State Court Actions.

## COUNT V

## REGENT'S VIOLATIONS OF THE TDCA

145.   Plaintiff repeats and incorporates by reference the preceding paragraphs.

146.   Regent violated Tex. Fin. Code § 392.304(a)(8) by misrepresenting in a judicial proceeding that the identity of the plaintiff in State Court Action #2 was "National Collegiate Student Loan Trust 2006-1."

147.   Regent further violated Tex. Fin. Code § 392.304(a)(8) by misrepresenting in a judicial proceeding that the identity of the plaintiff in State Court Action #2 was "National Collegiate Student Loan Trust 2007-2."

148.   Regent further violated Tex. Fin. Code § 392.304(a)(8) by misrepresenting in a judicial proceeding that the identity of the plaintiff in State Court Action #3 was "National Collegiate Student Loan Trust 2007-3."

149.   Regent further violated Tex. Fin. Code § 392.304(a)(8) by falsely representing in the Original Petition in State Court Action #1 that King entered into an agreement with NCSLT 2006-1, that King breached his purported agreement with NCSLT 2006-1, and that King's breach of his purported agreement with NCSLT 2006-1 made it necessary for NCSLT 2006-1 to retain Regent.

150.   Regent further violated Tex. Fin. Code § 392.304(a)(8) by falsely representing in the Original Petition in State Court Action #2 that King entered into an agreement with NCSLT 2007-2, that King breached his purported agreement with NCSLT 2007-2, and that King's breach of his purported agreement with NCSLT 2007-2 made it necessary for NCSLT 2007-2 to retain Regent.

151.     Regent further violated Tex. Fin. Code § 392.304(a)(8) by falsely representing in the Original Petition in State Court Action #3 that King entered into an agreement with NCSLT 2007-3, that King breached his purported agreement with NCSLT 2007-3, and that King's breach of his purported agreement with NCSLT 2007-3 made it necessary for NCSLT 2007-3 to retain Regent.

152.     Regent violated Tex. Fin. Code § 392.304(19) by using other false representations and deceptive means to collect the purported debts by: (a) concealing the identity of the original creditor; (b) serving false, embedded discovery requests upon a *pro se* defendant with no warning as to their legal impact; and (c) and by deceptively portraying each of the State Court Actions as a suit by an original creditor rather than a third-party debt collector.

## COUNT VI

## REGENT'S VIOLATIONS OF THE TDTPA

153.     Plaintiff repeats and incorporates by reference the preceding paragraphs.

154.     Regent violated the TDTPA.  Tex. Fin. Code § 392.404(a) provides that a violation of the TDCA is a violation of the TDTPA.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendants NCO and Regent for the following:

A.     Declaratory judgment that the conduct of Defendants NCO and Regent violated the FDCPA, the TDCA, and the TDTPA;

B.     Actual damages pursuant to 15 U.S.C. § 1692k(a)(1), Tex. Fin. Code § 392.403(a)(2), and Tex. Bus. & Com. Code § 17.50(h);

C.     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

      D.      Costs of court and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), Tex. Fin. Code § 392.403(b), and Tex. Bus. & Com. Code § 17.50(d); and

      E.      Such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: November 7, 2014

Respectfully submitted,

*/s/ Dennis H. Waters*
Dennis H. Waters
Texas State Bar No. 00785190
555 Republic Drive, Suite 200
Plano, TX  75074-5469
Telephone:  (972) 516-4296
Facsimile:  (972) 516-4297
E-mail:      Dennis.H.Waters@gmail.com
**ATTORNEY FOR PLAINTIFF**
**ERIC KING**